UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GINETTA BYNUM,<br><br>               Plaintiff,<br><br>    v.<br><br>THE UNITED STATES OF AMERICA, et al.,<br><br>               Defendants. | CIVIL ACTION NO. 3:25-CV-895<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Before the Court is a motion for extension of time for Plaintiff Ginetta Bynum ("Bynum") to identify and serve her complaint on John Does #1-10. (Doc. 28). For the following reasons, the Court will **DENY** Bynum's motion for extension of time as premature.

**I.    PROCEDURAL AND FACTUAL BACKGROUND**

Because the Court writes primarily for the parties, only an abbreviated factual background of this case is provided here. The following background is taken from the complaint, and for the purposes of the instant motion, is taken as true. (Doc. 1). This case arises out of David Blakeney's ("Blakeney") death while incarcerated at the United States Penitentiary Canaan ("USP Canaan"), a Federal Bureau of Prisons ("BOP") facility. (Doc. 1, ¶ 8). On May 20, 2025, Bynum initiated this action individually and on behalf of her deceased son, Blakeney by filing a complaint against Defendants the United States, the USP Canaan Warden, the BOP's Regional Director, and ten unknown USP Canaan correctional officers and medical personnel (the "John Does"). (Doc. 1, ¶¶ 10-13). Therein, Bynum alleges the following Counts: Count I – Medical Malpractice under the Federal Tort Claims Act against the United States of America (Doc. 1, ¶¶ 243-247); Count II – Negligence under the

Federal Tort Claims Act against the United States of America (Doc. 1, ¶¶ 248-252); Count III – Eighth Amendment *Bivens* Claim Against John Does #1-10 (Doc. 1, ¶¶ 253-258) ; Count IV – Assault under the Federal Tort Claims Act against the United States of America and John Does #5-10 (Doc. 1, ¶¶ 259-262); Count V – Battery under the Federal Tort Claims Act against the United States and John Does #5-10 (Doc. 1, ¶¶ 263-266); Count VI – Intentional Infliction of Emotional Distress on Blakeney under the Federal Tort Claims Act against all Defendants (Doc. 1, ¶¶ 267-272); and Count VII – Intentional Infliction of Emotional Distress on Bynum under the Federal Tort Claims Act against all Defendants. (Doc. 1, ¶¶ 273-278).

On June 3, 2025, Bynum properly served process on the United States. (Doc. 21). On June 12, 2025, Bynum filed a letter with the Court requesting a conference to discuss early discovery to determine the identities of the John Does. (Doc. 22). On June 18, 2025, the Court denied Bynum's request for expedited discovery to avoid piecemeal discovery in the interest of judicial economy. (Doc. 26). On August 5, 2025, Bynum filed the instant motion for extension of time to serve her complaint on the John Does. The United States filed its brief in opposition on August 12, 2025. (Doc. 29). On August 18, 2025, pursuant to stipulation between the parties, Bynum filed an amended complaint identifying the USP Canaan Warden as Fernando Garza and the BOP's Regional Director as Diane Sommer. (Doc. 33). The John Does remain unnamed in Bynum's amended complaint. (Doc. 33). On August 18, 2025, Bynum also filed her reply brief in support of her motion for extension. (Doc. 34). Accordingly, the motion is fully briefed and ripe for disposition.

**II.    LEGAL STANDARDS**

    A.    MOTION FOR EXTENSION OF TIME

Under Rule 6(b) of the Federal Rules of Civil Procedure, a district court may extend a deadline "for good cause . . . with or without motion if the court acts, or if a request is made,

2

before the original time or its extension expires." Fed. R. Civ. P. 6(b)(2)(A). "[A]ny *post* deadline extension must be 'upon motion made,' and is permissible only where the failure to meet the deadline 'was the result of excusable neglect.'" *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896 (1990) (emphasis in original). The Supreme Court stated that the determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). These circumstances include: "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs.*, 507 U.S. at 395.

### III. DISCUSSION

Bynum seeks an extension of time to identify and serve her complaint on the John Does. (Doc. 28). Bynum argues that the Court should grant the extension because she can demonstrate good cause and because the interests of justice require Bynum be given some opportunity to discover the identities of the John Does. (Doc. 28, ¶ 10). Defendants, the United States of America, Fernando Garza, and Diane Sommer, M.D. (hereinafter "Defendants"), counter that the motion to extend is premature and should be addressed when Bynum moves for leave to amend her complaint, identifying the John Does. (Doc. 29, at 2-3). Defendants also argue that Bynum has not established good cause and that litigation delays will prejudice Defendants. (Doc. 29, at 3).

"[John] Doe defendants are routinely used as stand-ins for real parties until discovery permits the intended defendants to be installed." *Hindes v. F.D.I.C.,* 137 F.3d 148, 155 (3d Cir. 1998). Once a defendant's real name has been identified, a plaintiff may replace the John Doe

with the party's real name by filing an amended complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. *Ballard v. Williams,* No. 3:10–CV–1456, 2012 WL 3113934, at *1 (M.D.Pa. July 31, 2012) (citing *Garvin v. City of Philadelphia,* 354 F.3d 215, 220 (3d Cir. 2003)). "The naming of a John Doe Defendant in a complaint does not stop the statute of limitations from running or toll the limitations as to that defendant." *Garvin,* 354 F.3d at 220 (citing *Talbert v. Kelly*, 799 F.2d 62, 66 n.1 (3d Cir. 1986)). Therefore, when a plaintiff amends a complaint to identify a John Doe defendant, the amendment must relate back to the date of the original pleading. Fed. R. Civ. P. 15(c).

> Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure states in relevant part,
>
> An amendment to a pleading relates back to the date of the original pleading when:
> …
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.
>
> Fed. R. Civ. P. 15(c)(1)(C)

Therefore, a John Doe defendant must have actual or constructive notice of the lawsuit within the Rule 4(m) service period. Fed. R. Civ. P. 15(c)(1)(C). Rule 4(m) of the Federal Rules of Civil Procedure provides that,

> If a defendant is not served within 90 days after the complaint is filed, the court– on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.
>
> *Moore v. Walton*, 96 F.4th 616, 323 (3d Cir. 2024) (citing Fed. R. Civ. P. 15 advisory committee's note to 1991 amendment).

4

However, Rule 15(c)(1)(C)'s reference to "the period provided by Rule 4(m)" is not limited to the default 90 days because Rule 4(m) also encompasses mandatory good cause and discretionary extensions of time to serve. *Moore v. Walton*, 96 F.4th 616, 323 (3d Cir. 2024) (citing Fed. R. Civ. P. 15 advisory committee's note to the 1991 amendment).

      While Bynum may be able to show good cause, the motion for extension is premature. Bynum seeks to ensure that her amended complaint will relate back to her original complaint because once the John Does are identified, they will receive notice of the lawsuit within an extended deadline for service. (Doc. 28, ¶ 2); *See* Fed. R. Civ. P. 15(c)(1)(C). However, moving for an extension of time for service on the complaint before identifying the John Does is untimely because "replacing the name John Doe with a party's real name amounts to the changing of a party or the naming of a party under Rule 15(c). *Garvin v. City of Philadelphia*, 354 F.3d 215, 220 (3d Cir. 2003). Therefore, Bynum cannot serve the existing complaint upon the John Does, she must move fore leave to file an amended complaint naming the John Does. *Garvin*, 354 F.3d at 220.

      Once Bynum identifies the John Does and moves for leave to amend her complaint, an evaluation of extension of time for service is included in the notice analysis set by Rule 15(c)(1)(C). *Moore v. Walton*, 96 F.4th 616, 623 (3d Cir. 2024) (finding a name-correcting amendment under Rule 15(c)(1)(C) allows for correction not only within the 90-days specified under Rule 4(m), but also any additional time resulting from a mandatory or discretionary extension). The Court declines to grant Bynum an extension for an unspecified period to serve defendants who have not yet been identified. Instead, the Court directs Bynum to file an

appropriate name-correcting amendment under Rule 15(c)(1)(C) when the John Does are identified.

## IV. CONCLUSION

Based on the foregoing, the Court will **DENY** Bynum's motion for extension of time as premature. (Doc. 28). Further, pursuant to the Order of Chief Judge Brann in 4:25-MC-00888, all other deadlines are stayed pending lifting of that Order.

An appropriate Order follows.

**Dated: October 27, 2025**                              **BY THE COURT:**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**